# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**AMBER HUGHES,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　**Case No: 5:19-cv-435-Oc-PRL**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## ORDER

This matter is before the undersigned on the Commissioner's Unopposed Motion for Entry of Judgment with Remand. (Doc. 26).

Pursuant to Title 42, United States Code, Section 405(g) the Court is empowered to reverse the decision of the Commissioner with or without remanding the cause for a rehearing. *Shalala v. Schaefer*, 113 S. Ct. 2625 (1993). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider psychiatric report tendered to Appeals Council).

Upon review of the record and filings, the Commissioner's Motion (Doc. 26) is **GRANTED** and this action is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for the following reason:

> On remand, the ALJ will be instructed to obtain supplemental vocational evidence, resolving inconsistencies between the evidence and Dictionary of Occupational Titles (SSR 00-04p). The ALJ should update the record, offer the claimant the opportunity for a hearing, and issue a new decision.

- 2 -

The Clerk is directed to enter judgment for Plaintiff and close the file.[1]

**DONE** and **ORDERED** in Ocala, Florida on June 23, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Remand pursuant to sentence four of § 405(g) makes the Plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, and terminates this Court's jurisdiction over this matter. *Shalala v. Schaefer*, 509 U.S. 292 (1993).